William KIRBY and Esther Kirby, Respondents,

v.

GRAND CROWNE TRAVEL NETWORK, LLC, Appellant.

No. 28091.

Missouri Court of Appeals, Southern District, Division One.

June 18, 2007.

Petition for Rehearing or Reconsideration and Transfer Denied July 5, 2007.

Application for Transfer Denied Aug. 21, 2007.

Richard L. Schnake and Daniel K. Wooten, Neale & Newman, Springfield, for appellant.

Joseph A. Morrissey and Anna M. Morrissey, Morrissey Law Office, P.C., Branson, for respondents.

DANIEL E. SCOTT, Judge.

Respondents (plaintiffs) sued to cancel a vacation club contract. Their petition alleged they were elderly Iowa residents who responded to a telemarketer's offer of two nights lodging in Branson in return for a ninety-minute sales presentation by Grand Crowne (defendant), a vacation club seller in Branson. Plaintiffs alleged they were persuaded to spend $3,389 for a membership through high pressure tactics, misrepresentations, and other practices prohibited by the Missouri Merchandise Practices Act, (MMPA).[1] Their "Petition to Cancel Contract" prayed to cancel the contract, which they alleged was six pages attached as Exhibit A to the petition, and to recover actual damages of $3,389, punitive damages, and attorney fees.

Defendant moved to compel arbitration under this Exhibit A clause:

ARBITRATION

Any controversy or claim arising out of or relating to this contact, or the breach thereof, shall be settled by arbitration administered by the Ameri-

---

1. RSMo § 407.010 *et seq.* Missouri statutory references are to Missouri Revised Statutes (2000) unless otherwise indicated.

can Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

The trial court declined to compel arbitration, a ruling from which federal and Missouri law authorize immediate appeal and *de novo* review. *Triarch Industries, Inc. v. Crabtree*, 158 S.W.3d 772, 774 & n. 2 (Mo. banc 2005); *Finney v. National Healthcare Corp.*, 193 S.W.3d 393, 394–95 (Mo.App.2006). We reverse and remand.

In *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), the U.S. Supreme Court confirmed that the Federal Arbitration Act (FAA)[2] creates a body of federal substantive law that applies in both state and federal courts. 546 U.S. at 445, 126 S.Ct. 1204. Citing its *Prima Paint*[3] and *Southland*[4] decisions, the Court reiterated three propositions. First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, these rules apply in state as well as federal courts. Therefore, a challenge to the validity of the whole contact, and not specifically the arbitration clause within it, must go to the arbitrator, not the court. *Id.* at 445–46, 126 S.Ct. 1204. Apparently this is true even if the plaintiff invokes state consumer protection laws or state public policy (*Cardegna, Southland*), or asserts the contract was void *ab initio* (*Cardegna*), or contends the contract was induced by fraud (*Prima Paint*). *Cardegna* and its predecessors sweep all such matters from the courts to the arbitral forum, save only specific and distinct challenges to the arbitration clause.

Plaintiffs' petition is styled "Petition to Cancel Contract." Under the heading "Violation of Merchandising Practices Act Against Defendant," plaintiffs allege defendant engaged in false statements, omissions, and "a pattern and practice of deception ... in an attempt to induce [plaintiffs] to enter a contract to purchase a vacation club," followed by eight subparagraphs alleging specific unlawful actions. As a result, plaintiffs seek "cancellation of the vacation club membership," actual damages equal to a refund of their money, and other relief under the MMPA. Plaintiffs' petition does not specifically challenge the arbitration clause—in fact, never mentions it—but instead challenges the whole contract and thereby triggers *Cardegna's* arbitration requirement.

Plaintiffs' several contrary arguments are unavailing. Their petition describes parties in different states and use of interstate communications and transportation systems, so plaintiffs err in claiming the FAA does not apply. *See Swain v. Auto Services, Inc.*, 128 S.W.3d 103, 106–07 (Mo.App.2003); *Duggan v. Zip Mail Services, Inc.*, 920 S.W.2d 200, 202 (Mo.App.1996). Their claim that the MMPA renders the contract invalid, and thus the arbitration clause as well, mirrors arguments rejected in *Cardegna* and cases cited therein. 546 U.S. at 447–48, 126 S.Ct. 1204. Thus plaintiffs' assertion that "the contract formation is invalid due to misrepresentations made during the contract signing" fails as

**2.** 9 U.S.C. § 1–16.

**3.** *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

**4.** *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

well. Finally, while RSMo § 435.350 may negate arbitration clauses in adhesion contracts, this arbitration is mandated by a preemptive federal law. RSMo § 435.350 cannot be applied to circumvent a FAA-enforceable arbitration provision. *Swain,* 128 S.W.3d at 107 n. 2. *See also Duggan,* 920 S.W.2d at 202–03.

We are forced to reverse and remand with instructions to stay the proceedings pending arbitration. We do so reluctantly and "only because a higher authority than this Court has declared the law of the land on these issues." *Martz v. Beneficial Montana, Inc.,* 332 Mont. 93, 135 P.3d 790, 796 (Nelson, J., dissenting). Arbitration has its place, particularly in resolving contract disputes between business equals. But plaintiffs claim defendant violated Missouri statutes. They allege they were victims of unlawful acts (RSMo § 407.020) for which our legislature provided a judicial remedy (RSMo § 407.025). Such claims are fit particularly for judicial determination and primarily are the province of courts. Yet arbitrators need not be judges or even lawyers. Nor are arbitrators necessarily compelled to follow the law, and a party is not assured meaningful review if they fail to do so. *See Cornerstone Propane, L.P. v. Precision Investments, L.L.C.,* 126 S.W.3d 419, 423–24 (Mo. App.2004); *Western Waterproofing Co. v. Lindenwood Colleges,* 662 S.W.2d 288, 291–92 (Mo.App.1983).

Whether plaintiffs' allegations are true—a matter we do not decide—this case illustrates how the FAA can be used to deprive MMPA victims of their day in court under RSMo § 407.025, thus circumventing Missouri's considered public policy and the will of its citizens expressed through its legislature. Our frus-

tration is not with arbitration *per se,* nor with the yet-unproven allegations against defendant. It stems instead from our agreement with Justices O'Connor, Scalia, and Thomas, and at least twenty state attorneys-general including our own,[5] who have forcefully asserted that the FAA does not and should not apply to state proceedings. *See Dobson,* 513 U.S. at 282–84, 115 S.Ct. 834 (O'Connor, J., concurring)("I continue to believe Congress never intended the Federal Arbitration Act to apply in state courts, and that this Court has strayed far afield in giving the Act so broad a compass"), 284–85 (Scalia, J., dissenting)(agreeing that *Southland* clearly misconstrued the FAA, and "[a]dhering to *Southland* entails a permanent, unauthorized eviction of state-court power to adjudicate a potentially large class of disputes"), 285–97 (Thomas, J., dissenting)("In short, we have never actually held, as opposed to stating or implying in dicta, that the FAA requires a state court to stay lawsuits brought in violation of an arbitration agreement.... I believe that the FAA imposes no such obligation on state courts, and indeed that the statute is wholly inapplicable in those courts").

We reverse and remand for further proceedings consistent with this opinion.

PARRISH, J., and RAHMEYER, P.J., Concur.

---

**5.** *Allied–Bruce Terminix Companies v. Dobson,* 513 U.S. 265, 267, 272, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995).